United States District Court
Southern District of Texas

**ENTERED**

March 23, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **ARMANDO CASTRO ERASO,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-00104** |
| | § | |
| **WARDEN, Rio Grande Processing** | § | |
| **Center, et al.,** | § | |
| **Respondents.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (Dkt. No. 1), Respondents Motion for Summary Judgment, (Dkt. No. 9), and Petitioner's Emergency Motion for Temporary Stay of Removal, (Dkt. No. 11). Petitioner challenges his continued detention in federal immigration custody. After considering the petition, its attachments, and applicable law, the Court concludes that the petition should be **DISMISSED without prejudice as premature**.

According to the petition, Petitioner is a citizen of Colombia. (Dkt. No. 1 at 2). He most recently entered the United States on September 6, 2024, and after being apprehended by immigration officials, he was released on an order of release on recognizance. (*Id.*). Petitioner was detained by immigration authorities on December 24, 2025. (Dkt. No. 1 at 4). Petitioner filed the instant petition on January 23, 2026. (Dkt. No. 1). While the petition was pending, Petitioner was ordered removed by an Immigration Judge on February 5, 2026. (Dkt. No. 12 at 1). Petitioner had thirty days to file an appeal with the Board of Immigration Appeals (BIA) before his removal order became final. (*Id.* at 2).

On February 11, 2026, Petitioner filed an Emergency Motion for Temporary Stay of Removal, asking the Court to prevent his removal pending the resolution of his habeas petition. (Dkt. No. 11). Now, Respondents advise the Court that Petitioner's removal will occur imminently, presumably because the BIA did not receive an appeal and Petitioner's order of removal became final. (Dkt. No. 14). *See* 8 C.F.R. § 1241.1; *see also* Executive Office for Immigration Review, Automated Case Information, https://acis.eoir.justice.gov/

en/caseInformation (last visited Mar. 20, 2026) (indicating that "[n]o appeal was received for this case").

Petitioner's original petition and Respondents' Motion for Summary Judgment were premised on Petitioner's pre-removal-order detention while the immigration court conducted his removal proceedings. However, since Petitioner has been ordered removed and that removal order has become final, Petitioner is now detained under different statutory authority. As such, Respondents' motion is moot, and the Court will re-evaluate the petition based on the current facts.

8 U.S.C. § 1231 governs the detention, removal, and release of noncitizens ordered removed. This statute mandates the detention of noncitizens ordered removed during the "removal period." *Id.* § 1231(a)(2)(A). Generally, the removal period begins when the order of removal becomes administratively final. Relevant regulations provide that: "An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time . . . ." 8 C.F.R. § 1241.1. In *Zadvydas v. Davis*, the Supreme Court held that detention after a final order of removal is unconstitutional when there is no significant likelihood of removal in the reasonably foreseeable future. 533 U.S. 678, 701 (2001). However, there is a six-month presumption of reasonable detention after an order of removal becomes final. *Id.*

Here, Petitioner is now detained under Section 1231 because he has a final removal order. The facts of this case do not overcome the six-month presumption of reasonableness. He was ordered removed on February 5, 2026. Petitioner's order of removal became final thirty days later because no appeal was filed. Petitioner has been detained for two weeks since his removal order became final, which falls several months short of the presumptively reasonable six months. For this reason, Petitioner does not demonstrate that his detention is unlawful. *See, e.g.*, *Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011) (finding that a challenge to prolonged detention was premature when petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period").

Because Petitioner has not been in custody past the presumptively reasonable period set forth in *Zadvydas* and there are no facts to overcome the presumption, his

2 / 3

petition is dismissed without prejudice as premature. Petitioner is advised that he may re-file his petition if he has not been removed after the six-month time period has expired.

For the reasons stated above, the petition, (Dkt. No. 1), is **DENIED** and **DISMISSED without prejudice**. Respondents Motion for Summary Judgment, (Dkt. No. 9), and Petitioner's Emergency Motion for Temporary Stay of Removal, (Dkt. No. 11), are **DENIED as moot.**[1]

The Clerk of Court is **DIRECTED** to mail this Order to Petitioner, by regular mail and any receipted means, at his address on file with the Court, Rio Grande Processing Center, 1001 San Rio Blvd., Laredo, TX 78046.

It is so **ORDERED**.

**SIGNED** on March 23, 2026.

_____
John A. Kazen
United States District Judge

---

[1] Petitioner's motion for a stay of removal pending adjudication of the petition is denied as moot because the Court has now resolved his petition. Regardless, the Court likely lacks jurisdiction to grant this relief under these circumstances. *See Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026)) (per curiam) ("A request for stay of removal is a challenge to a removal order. . . . Federal courts lack jurisdiction over "claims connected directly and immediately with a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'").